HAISLIP, APPELLANT, *v.* OHIO BUREAU OF EMPLOYMENT SERVICES ET AL., APPELLEES.

(No. 10929—Decided March 23, 1983.)

*Mr. Kurt R. Weitendorf,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. H. Gene Shackle,* for appellees.

GEORGE, J. The plaintiff, Charles Haislip, appeals from a judgment of the court of common pleas affirming the denial of training benefits under the Adjustment Assistance Allowance provisions of the Trade Act of 1974. Section 2271 *et seq.,* Title 19, U.S. Code. The judgment is affirmed.

Haislip was employed by the Ford Motor Company from 1970 until he was permanently laid off in October 1979.

During this employment, Haislip attended classes at the University of Akron, majoring in political science. He graduated in May 1979, having earned a bachelor's degree.

After his layoff in 1979, Haislip was eligible for and did receive a trade readjustment allowance under Section 2272, Title 19, U.S. Code. As an adversely affected worker, the plaintiff was entitled to receive benefits for a fifty-two week

period. Section 2291, Title 19, U.S. Code. This allowance began October 21, 1979.

In May 1980, Haislip applied for a training allowance for an additional twenty-six weeks. Such an allowance was available to an adversely affected worker engaged in approved training. Section 2293(A), Title 19, U.S. Code. However, Haislip was denied a training allowance. After exhausting his administrative appeals, Haislip appealed to the court of common pleas which affirmed the denial of the training allowance. This appeal followed.

### Assignment of Error I

"The trial court erred in finding that the decision of the Bureau of Employment Services Board of Review denial of [sic] appellant's request for an extension of his trade readjustment allowance benefits was not unlawful, unreasonable, and against the manifest weight of the evidence in that the circumstances which had originally entitled appellant to said benefits had not changed at the time appellant applied for his extension of benefits."

The training allowance was denied to Haislip on the ground that his degree in political science endowed him with sufficient skills and education to permit him to compete in the labor market. Haislip argues that this finding is inconsistent with the bureau's previous grant of benefits. At the time of the initial application he had a college degree and there had been no change in his circumstances; therefore, Haislip argues, the denial of additional benefits was contrary to law.

This argument presupposes that there must be a finding of a change of circumstances in order for the bureau to have a basis upon which to deny the training allowance. However, such is not the law. The criteria used to determine eligibility for a training allowance are totally different than the criteria used to determine the granting of the trade readjustment allowance.

The Trade Act of 1974 provides for trade readjustment benefits to be paid to workers whose jobs are lost or threatened as a result of an increase in import competition. Section 2272, Title 19, U.S. Code. The initial fifty-two weeks of trade readjustment allowance are not dependent upon the applicant's lack of marketable skills. Once the Secretary of Labor certifies a group of workers as adversely affected, such workers are eligible for a fifty-two week trade readjustment allowance.

An adversely affected worker may be entitled to a training allowance for an additional twenty-six weeks. However, eligibility for this allowance depends upon the training being found to be approved. The bureau decides whether or not to approve the training.

The bureau may consider whether an adversely affected worker has skills and education which permit him to compete in the labor market. In making this determination the bureau may approve a training program only when there is "no suitable employment" available to the applicant without such training. Section 2296, Title 19, U.S. Code.

If suitable employment is available, the training program is disapproved and the training allowance is denied. Thus, under the U.S. Code, one's marketable skills are considered only when a request for a training allowance is before the bureau. Therefore, the fact that Haislip received the trade readjustment allowance, while holding a college degree, did not require the bureau to grant an allowance for training.

The finding that suitable employment was available to Haislip by reason of his bachelor's degree in political science was one to be made within the discretion and expertise of the bureau. This court will not substitute its judgment for that of an administrative agency. See 2 Ohio Jurisprudence 3d 375, Administrative Law, Section 171. The bureau properly disapproved Haislip's training. Section 2296,

Title 19, U.S. Code. Since Haislip was not found to be engaged in approved training, he did not qualify for the twenty-six weeks of training allowance under Section 2293, Title 19, U.S. Code.

In affirming the denial of a training allowance, the trial court relied on the language of the regulation found in 29 C.F.R. 91.12(b)(1). However, this regulation need only be considered once an applicant's training program has been approved. In the instant case, appellant's training program was never approved under Section 2296, Title 19, U.S. Code. The decision of this court, as well as that of the bureau, is based solely on this provision of the U.S. Code, as the regulations are inapplicable to this case. Therefore, this assignment of error is overruled.

### Assignment of Error II

"The trial court erred in not granting appellant judgment on the pleadings due to appellees' failure to file a certified transcript of proceedings before the Board of Review within thirty days of receipt of the notice of appeal and by failing to provide appellant's counsel with a copy of said transcript as are required by Revised Code Section 4141.28(O)."

Haislip argues that he was entitled to judgment on the pleadings because the board of review failed to timely file the record in the court of common pleas. He was not so entitled.

Haislip concedes that there is no authority for the requested sanction in R.C. Chapter 4141, which governs appeals of this type to the court of common pleas. Furthermore, Haislip has not demonstrated how he had been prejudiced by the board's tardiness. Absent a showing of prejudice, the error, if any, is harmless. This assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.